UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAJ K. PATEL,<br><br>Petitioner,<br><br>v.<br><br>UNIVERSITY OF NOTRE DAME DU LAC,<br><br>Respondent. | CAUSE NO. 3:26-CV-636-CCB-SJF |

**OPINION AND ORDER**

Raj K. Patel, representing himself, filed an amended habeas petition seeking the release of his law degree and related contractual documents from the University of Notre Dame and monetary damages. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though Patel seeks monetary damages from the University of Notre Dame, he cannot pursue such relief in a federal habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494(1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Further, a critical component of a valid habeas claim is a challenge to the petitioner's custody. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief to respondents is a determination by the federal court that their custody violates the Constitution, laws, or treaties of the United States."); *Preiser*, 411 U.S. at 484 (1973) ("[T]he essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.”). The petition does not suggest that the University of Notre Dame is holding Patel in custody. Though Patel contends that federal habeas relief is available to recover an individual’s documents, effects, or real property, he cites no federal authority that supports that proposition. Therefore, the court will deny the habeas petition for failure to state a valid habeas claim.

Patel also filed a motion to appoint counsel. ECF 4-1. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case, if “given the difficulty of the case and the litigant’s ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side.” *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). Patel has not demonstrated that he has made any attempt to obtain a lawyer on his own. Further, given the lack of custody, Patel would not have a reasonable chance at obtaining habeas relief even with appointed counsel. Consequently, the motion to appoint counsel is denied.

For these reasons, the court:

(1) **DENIES** the motion to appoint counsel (ECF 4-1);

(2) **DENIES** the amended habeas petition (ECF 8) because it does not state a valid habeas claim; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on September 24, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT