Gmail

# EXHIBIT G

Raj Patel <raj@rajpatel.live>

## Notre Dame Law School - Readmission Decision

1 message

**Jake Baska** <jbaska@nd.edu>
To: Raj Patel <raj@rajpatel.live>

Tue, Dec 15, 2020 at 3:53 PM

Raj,

Thank you for submitting your application for readmission to Notre Dame Law School. We appreciate the time and effort you put into your application as well as your continued desire to return to your legal studies. Unfortunately, the Admissions Committee is sorry to communicate that we are unable to approve your request for readmission for the Spring 2021 semester. A prerequisite of your readmission is to receive a recommendation for readmission from the University Counseling Center (UCC). The UCC did not approve your application materials. As such, the Admissions Committee could not consider your application further. If you wish to apply for future readmission, I strongly encourage you to contact the UCC to receive guidance on their decision and recommendations for further treatment.

Per ABA Standard 311 (b), law students must complete their studies within 84 months. You began your studies at Notre Dame Law School in August 2015. Your 84 month window expires in August 2022. Per our records, you have completed 68 credits ~~and would need to complete another 22 credits in order to graduate.~~ You would need two semesters in order to complete those credit hours. As such, you would need to be readmitted for Fall 2021 in order to be eligible to graduate per ABA standards. Should you apply and fail to be readmitted for the fall 2021, you would be ineligible to resume your studies at Notre Dame Law School. In such a case, your only avenue to return to NDLS would be to reapply for admission as an incoming first-year (i.e., 1L) student. The deadline to apply for Fall 2021 readmission is April 15.

Given that you may only apply for readmission once more, the Admissions Committee feels that it is relevant to share our apprehensions regarding troubling communications that you have sent and frivolous lawsuits you have filed during your time away from the University, including during your most recent readmission application process. ABA Admissions Standard 501(b) provides that "A law school shall only admit applicants who appear capable of satisfactorily completing its program of legal education ~~and being admitted to the bar.~~" Your conduct raises serious concerns about your ability to satisfy the character and fitness requirements for admission to the bar. Should you apply this spring for readmission in Fall 2021 and should you receive a positive recommendation from the UCC, please know that the behavior and conduct noted above - and its potential impact on whether you may be capable of satisfying the character and fitness requirements attendant to admission to the bar - will be considered in the Law School's evaluation of your application.

We regret the disappointment this decision may cause you but we thank you for your understanding of the care and attention we paid to your application. Please accept our best for your continued health and well-being.

Sincerely,
Jacob Baska

**Jacob Baska**
*Director of Admissions & Financial Aid*
Notre Dame Law School
University of Notre Dame
law.nd.edu/admissions/

1329 Biolchini Hall
Notre Dame, IN 46556

Tel: (574) 631-6626 | Fax: (574) 631-5474

Connect with NDLS Admissions on:
Facebook :: Instagram :: Twitter

1. Patel and the NDLS share "desire"/"like"/not "dislike"/"pleasure" of the President

2. Law School "Admissions Committee" uses psychological jargon in lieu of legal jargon, against the wishes of the Supreme Court. See e.g., Malinski v. New York, 324 U.S. 401, 421-2, 427 & 429 (1945).

3. Patel and NDLS agree on the 84 month deadline.

4. Patel and UND/NDLS disagree with graduation status; Patel reasons he has mustered in the ABA requirement of 68 credit hours per his contract-terms at his 2015 admissions. The remaining 22 credit hours can be transferred in from Patel's undergraduate courses at Emory University, consistent with the NDLS's Hoynes Code.

5. NDLS/UND creates inconsistent policy with their education contract with Patel AND their Hoynes Code and the many amended versions because, Patel's "only avenue" is first-years admissions, and Baska sub silento decreed that the NDLS will not consider using the "extraordinary circumstances" waiver requirement." Hoynes C. (2026) 4.1.5 ("The dean may waive the 84-month requirement for extraordinary circumstances.").

6. The Sherman Act "and being admitted to the bar" makes it an illegal restrained on Commerce because professionals have a direct U.S. Constitutional right to practice their profession. See here, Dobbs. Unlawful prior restrain as well.

7. Baska specifies no conduct; this is unlawful prior restrain. Unequal treatment and lack of substantive due process per In the Matter of Jorge L. Rodriquez, No. 49S00-9805-DI-281 (Ind. 2001) (per curiam) (actually fitness concern). Disregards Patel has won civil litigatin motions in his favor.